**SO ORDERED.**

**SIGNED this 27 day of March, 2009.**

_____
Randy D. Doub
United States Bankruptcy Judge

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:

**DEN-MARK PROPERTIES, LLC**                    CASE NO. 08-04084-8-RDD

    **DEBTOR**
_____

**DEN-MARK PROPERTIES, LLC**
                                                                                              **ADVERSARY PROCEEDING**
    Plaintiffs                                                                 **NO. 08-00196-8-RDD**

    v.

**SUNTRUST BANK and**
**SOUTHLAND ASSOCIATES, INC.**

    **Defendants and Third-Party Plaintiffs**

    v.

**DEN-MARK CONSTRUCTION, INC.**

    **Third-Party Defendants**

_____

**MEMORANDUM OPINION IN SUPPORT OF ORDER GRANTING
SUMMARY JUDGMENT IN FAVOR OF DEN-MARK PROPERTIES,
LLC AND DENYING MOTION FOR RECONSIDERATION**

Pending before the Court is the Motion for Summary Judgment and the accompanying Memorandum of Law (collectively, the "Summary Judgment Motion") filed by Den-Mark Properties, LLC ("Den-Mark LLC") and the Memorandum of Law of SunTrust Bank in Opposition to Motion for Summary Judgment by Den-Mark Properties, LLC (the "Opposition") filed by SunTrust Bank ("SunTrust") and Southland Associates, Inc., as Trustee  ("Southland," collectively referred to herein with SunTrust as the "Defendants").  On January 15, 2009, the Court conducted a hearing on this matter in Greenville, North Carolina.

In addition, on January 28, 2009, the Defendants filed a Motion to Reconsider the ruling from the bench on the Summary Judgment Motion and an accompanying memorandum of law (collectively, the "Reconsideration Motion").  Subsequently, on February 3, 2009, Den-Mark LLC filed its Response to the Reconsideration Motion. The Court conducted a hearing on the Reconsideration Motion on March 3, 2009 and the parties stipulated on the record the extent to which Den-Mark LLC is attempting to set aside the Second Deed of Trust.

**PROCEDURAL HISTORY**

1. On September 24, 2008, Den-Mark LLC filed a complaint against SunTrust and Southland requesting the Court to invalidate a second deed of trust, to determine that the claims of the Defendants are unsecured with respect to certain properties, and to require amounts held in escrow resulting from the sale of certain properties be paid to Den-Mark LLC.

2. On October 22, 2008, Den-Mark filed its Summary Judgment Motion.

3. On October 27, 2008, SunTrust filed its Answer to the Complaint.

4. On October 29, 2008, the Court set a hearing on the Summary Judgment Motion for November 18, 2008 at 10:00 a.m. in Greenville, North Carolina.

5. On November 14, 2008, SunTrust amended its answer[1] and filed a counterclaim against Den-Mark LLC and a third-party complaint against Den-Mark Construction, Inc. ("Den-Mark Construction") alleging that a second deed of trust was valid against certain properties owned by Den-Mark LLC even though Den-Mark Construction executed the second deed of trust. The Defendants allege this error is not fatal as it was either a scrivener's error, a mutual mistake, or a mistake of the parties. The Defendants requested that the Court reform the deed of trust and deny Den-Mark LLC's request for funds held in escrow.

6. The Defendants filed a Motion to Continue the November 18, 2008 Hearing on November 17, 2008 on the basis that additional discovery was necessary. The Motion to Continue requested that the hearing be continued for at least sixty (60) days.[2]

---

[1]The Amended Answer was filed on behalf of SunTrust and Southland. Southland is the trustee under the Second Deed of Trust (hereinafter defined).

[2]Based on the pleadings, the Defendants had knowledge of the hearing schedule and Den-Mark LLC's alleged insufficient discovery responses well in advance of the hearing. However, the Defendants waited until a few days prior to the hearing to file their Motion to Compel. Similarly, the original Answer to the Complaint was filed on October 27, 2008, yet the Defendants did not inform the Court of their concern regarding discovery until a Motion to Continue was filed on November 17, 2008, the date before the first scheduled hearing. But for the Motion to Continue, the Defendants failed to timely file any documents responsive to the Summary Judgment Motion.

Federal Rule of Civil Procedure 56(f), made applicable by Federal Rule of Bankruptcy Procedure 7056. applies to continuance requests in connection with motions for summary judgment. More specifically, Fed. R. Civ. Pro. 56(f) provides: "[s]hould it appear from *affidavits* of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as just." *(emphasis added).* Fed. R. Civ. Pro. 56(f) provides a mechanism for parties to obtain further discovery. *In re Hopkins,* 153 B.R. 793, 802 (Bankr. M.D. Tenn. 1993). The burden is placed on the Defendants to show why they could not oppose the summary judgment by affidavit and how a postponement will rebut Den-Mark LLC's assertion that there is no genuine dispute of fact. *Id.*

7. At the hearing on November 18, 2008, counsel for the Defendants stated that request for production of documents and the first set of interrogatories were served on counsel for Den-Mark LLC on November 14, 2008. Counsel for SunTrust and Southland asserted that since he had just served the discovery request, Den-Mark LLC had not had the opportunity to respond to the requested discovery.[3]

8. At the hearing on November 18, 2008, the Court allowed the Motion to Continue the Hearing and, at the request of counsel for the Defendants, reset the hearing for January 15, 2009.

9. On November 24, 2008, Den-Mark LLC filed its Reply to the Counterclaim and Den-Mark Construction, Inc. filed its Answer to the Third-Party Complaint.

10. On January 12, 2009, approximately two months after the November 18, 2008 hearing, the Defendants filed a Motion to Compel alleging that Den-Mark LLC's discovery responses were insufficient. The Motion to Compel states that counsel for Den-Mark LLC advised counsel for the Defendants that the discovery responses were mailed on December 19, 2008. The Defendants allege that "[u]pon receipt of the responses, it was readily apparent that insufficient responses were given to satisfy the obligations under the Federal Rules of Civil Procedure." *Motion to Compel, para. 12*.

---

The Court recognizes the importance of discovery but notes that the Defendants failed to satisfy the affidavit requirements of Fed. R. Civ. Pro. 56(f). Because the Summary Judgment Motion was filed at such an early stage in the case, the Court made "such other order as just" in allowing the continuance for discovery to be completed.

[3] Den-Mark LLC stated that the documents speak for themselves and, as of the hearing date, it did not intend to conduct any discovery in connection with this adversary proceeding.

4

11. On January 14, 2009, the Defendants filed their Response to the Motion for Summary Judgment and its Memorandum of Law in Opposition to the Summary Judgment Motion (collectively, the "Response").[4] Included as part of the Response was the Affidavit of Ronald H. Garber, Esquire. Mr. Garber is a North Carolina licensed attorney who is representing SunTrust and Southland in this case. His affidavit asserts that in his opinion, evidence exists based on Den-Mark LLC's operating reports that Den-Mark Construction and Den-Mark LLC are alter egos and act as agents for one another. In addition, he asserts that based on a letter, dated March 19, 2003 on Central Carolina Bank stationery, the parties recognized that certain properties were owned by Den-Mark LLC. More specifically, the letter states "Central Carolina Bank requests an insured closing protection letter from the title company. In addition, please note that some of the properties are owned by Den-Mark Properties, LLC and these will need to be hypothecated in the deed of trust." *Defendant's Exhibit 2 to the Response.* That letter also shows a handwritten note above the subject property/collateral description stating "owned by Den-Mark Properties."

12. Also on January 14, 2009, Den-Mark LLC filed a supplement to its Motion for Summary Judgment including an affidavit from Harold E. Russell, Jr., Esquire.

---

[4] The Defendants' joint Opposition to the Summary Judgment Motion was filed on January 14, 2009, 83 days after Den-Mark LLC filed and served the Summary Judgment Motion on the attorneys for SunTrust. Although not raised by Den-Mark LLC, with respect to SunTrust, which was properly served, the Opposition was not timely filed. Pursuant to E.D.N.C LBR 7007-1(b), a party may file a written response to any motion within twenty (20) days after service of a motion. No extension of time was moved for, other than the motion to continue the hearing on November 18, 2008. Accordingly, Den-Mark LLC would have been entitled to summary judgment against SunTrust based on its untimely response. Fed. R. Bankr. Pro. 7056(e)(2) states "...an opposing party may not rely merely on allegations or denial in its own pleading; rather, its response must - by affidavits or as otherwise provided in this rule - set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party." However, the Court finds that the entry of summary judgment in favor of Den-Mark LLC against both Defendants is proper on substantive grounds.

## STANDARD FOR SUMMARY JUDGMENT

"[S]ummary judgment is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In making this determination, conflicts are resolved by viewing all facts and all reasonable inferences in the light most favorable to the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). If there is no genuine issue of material fact, and the issue to be decided is a matter of law, a ruling on a motion for summary judgment is appropriate.

## DISCUSSION

Den-Mark LLC, as a debtor-in-possession and pursuant to Sections 1107(a) and 544(a)(1) of the Bankruptcy Code, seeks to invalidate a second deed of trust held by SunTrust, as successor-in-interest to Central Carolina Bank, in connection with the Real Properties (hereinafter defined). Den-Mark LLC alleges that the second deed of trust was not executed by the entity that owned the Real Properties at the time the deed of trust was signed and the purported lien attached. More specifically, Den-Mark Construction, Inc. ("Den-Mark Construction") executed the second deed of trust. However, numerous properties listed in said deed of trust were not owned by Den-Mark Construction. Den-Mark LLC asserts that since it owned the subject Real Properties, Den-Mark Construction was unable to grant a lien to SunTrust. Accordingly, Den-Mark LLC argues that the second deed of trust should be invalidated to the extent that Defendants assert a lien against any of the Real Properties listed on the second deed of trust that Den-Mark LLC actually owned.

In response, the Defendants allege that Den-Mark LLC should be estopped from denying the pledge of real property as security regardless of whether the properties were owned by Den-Mark Construction or Den-Mark LLC. SunTrust and Southland assert that Den-Mark LLC would be unjustly enriched if the second deed of trust was held invalid. The Defendants assert that the parties intended for a lien to attach to the real properties and that a scrivener's error or mutual mistake of the parties must have happened. The Defendants allege that such a mistake is not fatal to the second deed of trust's validity. To the contrary, SunTrust and Southland assert that the second deed of trust should be reformed to reflect that parties' original intent.

SunTrust also claims that even if reformation is not allowed, the fact remains that Den-Mark LLC is an alter-ego of Den-Mark Construction and Den-Mark Construction was acting in the capacity of an agent when it executed the second deed of trust.

## UNDISPUTED FACTS

1. On March 21, 2003, a second deed of trust in the amount of six hundred thousand dollars ($600,000.00) in favor of Central Carolina Bank, a division of National Bank Commerce, encumbering certain real property located in Wake and Franklin Counties (the "Second Deed of Trust") was executed.[5]

2. In 2004, Central Carolina Bank's parent, National Commercial Financial Corp., merged with SunTrust. The parties agree that SunTrust is the current holder of the Second Deed of Trust.[6]

---

[5] The Second Deed of Trust was executed by Den-Mark Construction; however, SunTrust's admission only goes to the fact that the Second Deed of Trust is not executed by Den-Mark LLC.

[6] To date, Den-Mark LLC has not challenged the validity of the purported first lien that SunTrust holds against some or all of the properties at issue in this proceeding.

3. The Second Deed of Trust is recorded in Book 9986, Pages 1331-1339 in the Office of the Wake County Register of Deeds and in Book 1325, Page 976-984 in the Office of the Franklin County Register of Deeds.

4. The Summary Judgment Motion only applies to the following nineteen (19) properties purportedly encumbered by the Second Deed of Trust:[7]

| | |
|---|---|
| Lot 17 Green Estates Sub. | 215 Broken Arrow Trail, Youngsville |
| Lot 47 Pigeon Point | 65 Beaver Ridge Drive, Youngsville |
| Lot 17 Pigeon Point | 185 Eagleston Ridge, Youngsville |
| Lot 3 Cedar Creek West | 1760 Mays Crossing, Franklinton |
| Lot 4 Cedar Creek West | 30 Hill Road, Franklinton |
| Lot 5 Cedar Creek West | 40 Hill Road, Franklinton |
| Lot 8 Cedar Creek West | 10 Cedarhurst Road, Franklinton |
| Lot 25 Flaherty Farm | 617 Flaherty Avenue, Wake Forest |
| Lot 28 Flaherty Farm | 629 Flaherty Avenue, Wake Forest |
| Lot 34 Flaherty Farm | 653 Flaherty Avenue, Wake Forest |
| Lot 50 Flaherty Farm | 608 Groveton Trail, Wake Forest |
| Lot 52 Flaherty Farm | 616 Groveton Trail, Wake Forest |
| Lot 54 Flaherty Farm | 624 Groveton Trail, Wake Forest |
| Lot 80 Wallridge Subdivision | 601 Flicker Court, Wake Forest |
| Unit 1A Highgate Park Townhomes | 201 Highgate Circle, Wake Forest |
| Lot 2 Green Subdivision | 172 N Taylor Street, Wake Forest |
| Lot 2 Green Subdivision | 714 N Taylor Street, Wake Forest |
| Lot 2 Green Subdivision | 716 N Taylor Street, Wake Forest |
| Lot 2 Green Subdivision | 718 N Taylor Street, Wake Forest |

(collectively referred to herein as the "Real Properties").

## ANALYSIS

In order to determine the relative rights of the parties to a deed of trust, this Court looks to North Carolina law. *Kirkhard v. Boardwalk Development Company, Inc. (In re Boardwalk Development Co.)*, 72 B.R. 152, n. 3 (Bankr. E.D.N.C. 1987) (*citing Butner v. United*

---

[7]The parties stipulated to the list of properties in open court at the hearing on the Reconsideration Motion held in Wilson, North Carolina on March 3, 2009.

*States*, 440 U.S. 48 (1979) and *In re Cunningham*, 48 B.R. 509, 512 n.1 (Bankr. M.D. Tenn 1985)).

North Carolina General Statute § 22-2 provides that "all contracts to sell or convey any lands . . . shall be void unless said contract or some memorandum or note thereof, be put in writing and signed by the party to be charged therewith or by some other person by him thereto lawfully authorized." A deed of trust is a transfer of interest in land that must satisfy the requirements of the Statute of Frauds. *In re Hudson,* 182 N.C. App. 499, 503, 642 S.E.2d 485, 488-89 (2007).

Den-Mark Construction did not hold record title to the Real Properties at the time of the execution or subsequent recording of the Second Deed of Trust. The Real Properties were either owned in fee by Den-Mark LLC or Dennis and Starlette Cyrus. Attached to its Summary Judgment Motion, Den-Mark LLC provided the Court copies of the deeds setting forth the record owners of the Real Properties that are subject to its Summary Judgment Motion. The Defendants' Opposition did not dispute that Den-Mark Construction was not the record title or fee owner of the Real Properties.

In connection with the Second Deed of Trust, Den-Mark LLC attached a copy of the recorded deed of trust to its Summary Judgment Motion. The Amended Answer admits that a deed of trust was recorded at 11:06:08 a.m. on March 21, 2003 in Office of the Wake County Register of Deeds and at 11:35 a.m. on April 4, 2003 in the Office of the Franklin County Register of Deeds.[8] The Second Deed of Trust provided by Den-Mark LLC includes the same time and date references as described by the Defendants in their Amended Answer. As was the

---

[8]The Defendants admit to the existence of a deed of trust with the same time and date stamps but do not admit that Den-Mark Construction was listed as the grantor on that document.

case with the deeds, the Defendants did not present any documentation disputing the accuracy of the Second Deed of Trust as it appears in the public record. Accordingly, the Court having reviewed the requisite pleadings and accompanying exhibits finds that the Second Deed of Trust was executed by Den-Mark Construction and based on the undisputed copy of certain deeds presented to the Court, Den-Mark Construction did not own the Real Properties at the time the Second Deed of Trust was executed and recorded. Since Den-Mark Construction did not own the Real Properties, a land records search of the record title owner would not have revealed the Second Deed of Trust. *See affidavit of Harold E. Russell.*

The North Carolina recordation statute, N.C.G.S. § 47-20, is essentially a "race" recordation statute whereby the one who is first to record in the proper register of deeds has priority. *In re Price*, 97 B.R. 264, 265 (Bankr. E.D.N.C. 1986). Section 47-20 of the North Carolina General Statutes provides that upon proper registration, the encumbrance is valid against lien creditors or purchasers for value. N.C.G.S. § 47-20. The word creditor in this section includes, but is not limited to, liens obtained by the judicial process. *Comm. Credit Co. of Lenoir, Inc. v. Norwood*, 257 N.C. 87, 91, 125 S.E.2d 369, 372 (1962).

The Second Deed of Trust was not properly recorded as it purported to secure property that was not owned by the party signing the deed of trust. Consequently, a judgment lien creditor of Den-Mark LLC or purchaser for value from Den-Mark LLC would have had priority over SunTrust, and its successors, or assignees on the Real Properties.

Sections 1107(a) and 544(a)(1) of the Bankruptcy Code, permit Den-Mark LLC, as a debtor-in-possession, to step into the shoes of a judgment lien creditor as of the date of the petition.

Pursuant to Section 1107(a) of the Bankruptcy Code, a debtor becomes a "debtor-in-possession" upon the filing of the Chapter 11 bankruptcy petition. A debtor-in-possession has all the rights and powers of the Chapter 11 trustee, including those under 11 U.S.C. § 544(a). 11 U.S.C. § 1107(a); *see also In re Millerburg*, 61 B.R. 125 (Bankr. E.D.N.C. 1986) (recognizing that a debtor-in-possession assumes the position of a hypothetical judgment lien creditor as of the date of the filing of the petition).

Section 544(a)(1) of the Bankruptcy Code provides:

> The trustee shall have, as of the commencement of the case, *and without regard to any knowledge of the trustee or of any creditor*, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by (1) a creditor that extends credit to a debtor at the time of the commencement of the case and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such a creditor exists. *(emphasis added).*

Therefore, pursuant to Section 544(a)(1) of the Bankruptcy Code, Den-Mark LLC, as debtor-in-possession, assumes the position of the hypothetical judgment lien creditor as of the date of the filing of the petition, and pursuant to federal law has no knowledge of the incorrect fee owner that was set forth in the Second Deed of Trust and has a hypothetical judgment lien as of the date of the filing of the petition. *In re Millerburg* holds that notice and knowledge are not factors to be considered for purposes of the debtor-in-possession's position as a hypothetical judicial lien creditor under Section 544(a)(1). 61 B.R. 125 (Bankr. E.D.N.C. 1986). Therefore, Den-Mark LLC stands in the shoes of a hypothetical judgment lien creditor.

The Second Deed of Trust executed by Den-Mark Construction was recorded on March 21, 2003 in the Office of the Wake County Register of Deeds and on April 4, 2003 in the Office of the Franklin County Register of Deeds. Since the Second Deed of Trust was not executed by

the record fee owner of the Real Properties, it was not executed by the party to be charged. The Second Deed of Trust was not in the chain of title related to each of the Real Properties and would not have provided notice of the lien to judicial lien creditors. By standing in the shoes of the hypothetical judgment lien creditor, Den-Mark LLC's interest in the Real Properties has priority over the Defendants. Accordingly, the Court finds that the Second Deed of Trust is invalid and does not establish a valid lien against the Real Properties. Consequently, since the Second Deed of Trust was not executed by the party holding fee title to be charged, the Second Deed of Trust would not be effective against a judgment lien creditor of Den-Mark LLC, which judgment lien creditor would take priority over the Second Deed of Trust.

The Defendants assert that the Second Deed of Trust may be reformed based on a scrivener's error or a mutual mistake between the parties as to which Den-Mark entity intended to create the lien.[9] In such circumstances, the Defendants assert that the deed of trust can be reformed.

The Fourth Circuit in *In re Hartman Paving, Inc.* considered whether a deed of trust can be reformed when a debtor-in-possession steps into the shoes of a bona fide purchaser pursuant to 11 U.S.C. § 544(a)(3). 745 F.2d 307, 309 (4th Cir. 1984). The court found that as a bona fide purchaser, the debtor-in-possession is unable to invalidate a deed of trust where the debtor was an original party of the deed and had actual notice of the mistake. *Id.* at 310. There is no

---

[9] Exhibit 2 attached to the Opposition is the first page of a letter on stationery from CCB - Central Carolina Bank, dated March 19, 2003. The letter is addressed to Mr. James Warren and states that the borrower is Den-Mark Construction, Inc. and the subject property/collateral is "25 properties located in Wake and Franklin Counties." There is a handwritten notation above the word properties that states "owned by Den-Mark Properties." At the hearing on January 15, 2009, the Defendants provided a copy of the documents and Responses of Den-Mark LLC to the SunTrust's First Request for Production of Documents. The Defendants allege that the title policy, settlement statement, and other documents provided by Den-Mark LLC reference Den-Mark Construction and that such reference is evidence that both parties had knowledge of the mistake.

"innocence" as to the mistake as the debtor-in-possession has imputed knowledge of the mistake. *Id.* This knowledge prevents a debtor-in-possession from preventing the reformation of a deed of trust under North Carolina Law. *Id.; see also In re Law Developers,* No. 08-00965-8-JRL, 2008 Westlaw 2570863 (Bankr. E.D.N.C. June 24, 2008).

The *Hartman* Court specifically focused on Section 544(a)(3) of the Bankruptcy Code. In the situation where the debtor-in-possession is a bona fide purchaser under Section 544(a)(3), reformation may be permitted. However, a debtor-in-possession also has the ability to step into the shoes of the hypothetical judgment lien creditor under Section 544(a)(1). *See Den-Mark Construction, Inc. v. SunTrust Bank (In re Den-Mark Construction, Inc.),* 398 B.R. 842 (Bankr. E.D.N.C. 2008)*; Law Developers*, 2008 Westlaw 2570863.

Under Section 544(a)(1) a debtor-in-possession has the rights of a judgment lien creditor and knowledge of the mistake is not imputed on the debtor-in-possession. *Law Developers,* 2008 Westlaw 2570863 * 5.  The *Law Developers'* court went on to say that notice and knowledge are not considerations when a court is considering reformation under Section 544(a)(1). *Id.* (*citing Millerberg*, 61 B.R. 125); *see also 11 U.S.C. § 544(a)(1).* Accordingly, the debtor-in-possession has no knowledge when stepping into the shoes of a hypothetical judgment lien creditor that extends credit at the commencement of the case. *Law Developers,* 2008 Westlaw 2570863 * 5.  Therefore, regardless of the harshness of the result, the Defendants' right of reformation was cut off as of the petition date and the Second Deed of Trust is void to the extent that it purports to grant a lien to SunTrust or Southland in connection with the Real Properties.

Lastly, the Defendants argue that Den-Mark LLC and Den-Mark Construction were alter egos and agents of one another.  Because North Carolina is a pure race jurisdiction, this defense is without merit.  Purchasers and those seeking to encumber property rely on the status of the

public record. *Chrysler Credit Corp. v. Burton,* 599 F.Supp. 1313, 1318 (M.D.N.C. 1984). "The law contemplates that a purchaser of land will examine each recorded deed and other instrument in his chain of title and charges him with notice of every fact affecting his title which an accurate examination would disclose." *Id*. (*citing Hensley v. Ramsey*, 283 N.C. 714, 730, 199 S.E.2d 1, 2 (1973)). A purchaser is considered on notice of "any fact or circumstance affecting his title which is reasonably disclosed by the instruments in his line of title. *Chrysler v. Burton*, 599 F.Supp. at 1318 (*quoting Turner v. Glenn*, 220 N.C. 620, 18 S.E.2d 197 (1942)).

The public record in this case reflects that SunTrust does not have a valid lien against the Real Properties owned by Den-Mark LLC. *See affidavit of Harold E. Russell.* To the extent that Mr. Russell's title search reflects a search of the public records related to the Real Properties, the Defendants failed to present any contradictory evidence that his affidavit was incorrect. Mr. Russell's affidavit states "the deed of trust in favor of Central Carolina Bank is not revealed in a search of 'Den-Mark Properties, LLC' as Grantor, and therefore is not in the chain of Den-Mark Properties, LLC." *Affidavit of Harold E. Russell, para. 3(b).* There is no dispute that his review of the chain of title failed to find the Second Deed of Trust in the chain of title for the Real Properties. Nothing in the record before this Court would have provided notice to a reasonably prudent person that this title search was incomplete or incorrect. Accordingly, based on the North Carolina's recordation requirements, SunTrust's allegation that Den-Mark LLC and Den-Mark Construction are alter egos of each other is not relevant.

## CONCLUSION

Based on the foregoing, summary judgment is **GRANTED** in favor of Den-Mark Properties LLC. The deed of trust recorded in Book 9986, Pages 1331-1339 in the Office of the

Wake County Register of Deeds and Book 1325, Pages 976-984 in the Office of the Franklin County Register of Deeds is avoided to the extent of the Real Properties and such deed of trust does not perfect a second lien in favor of SunTrust against the Real Properties.

Furthermore, the Court hereby directs the Clerk of Court to schedule a pre-trial conference in connection with the third-party complaint pending against Den-Mark Construction, Inc.

As the issue before the Court on the Reconsideration Motion was clarified and stipulated to by the parties for the purpose of consideration in Den-Mark LLC's Summary Judgment Motion, the Reconsideration Motion is **DENIED**.

It is further ordered that the Order entered on March 19, 2009 in this Adversary Proceeding is incorporated herein upon its entry by this Court.

**SO ORDERED.**

**END OF DOCUMENT**